ILANA DOUST, ESQ. (SBN 250270)
468 North Camden Drive, Suite 288
Beverley Hills, California 90210
Telephone: (310) 927-5173
Facsimile: (310) 928-4091
idoust@sbcglobal.net

Counsel for Plaintiffs

FILED

2010 MAY 24  PM 1:42

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DANIELLE REYAS, on behalf of herself and of all others similarly situated,

    Plaintiff,

vs.

GOOGLE, INC.,

    Defendant

No.: CV10-03886 JFW AJW

**CLASS ACTION ALLEGATIONS COMPLAINT**

(18 U.S.C. §2701 et seq.; 18 U.S.C. §1030 et seq.; Invasion of Privacy; 18 U.S.C. § 2511, et seq.; California Business & Professions Code §17200 et seq.; California Civil Code §1798.81.5; Conversion; Trespass; Injunctive Relief)

**DEMAND FOR JURY TRIAL**

Plaintiff individually and on behalf of the below-described class alleges as follows:

1

## NATURE OF THE CASE

1. This is a class action. Plaintiff, on behalf of herself, and all similarly situated persons seeks recovery of monetary damages, penalties, attorney fees, and other relief based on certain acts of defendant, including invasion of legally protected privacy interests, acquisition of personal and private information without permission or consent, and violation of privacy and security rights granted by 18 U.S.C. § 2511, et seq. Plaintiff demands a jury trial.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §1331 because Plaintiff have alleged a violation of 18 U.S.C. § 2511, et seq. This court also has jurisdiction under the Stored Communications Act, 18 U.S.C. §2701 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et seq. This Court also has jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's state statutory and common law claims.

3. Venue lies within this District pursuant to 28 U.S.C. 1391(b)-(c) in that defendant conducts business in this District; certain acts giving rise to the claims asserted in this Complaint occurred within this District; the actions of Defendants alleged in this Complaint caused damages to plaintiff and a substantial number of class members within this District, and plaintiff Danielle Reyas resides within this District.

## THE PARTIES

4. Plaintiff Danielle Reyas ("Reyas") is an individual residing in Los Angeles County, California. During the class period, Reyas used and maintained and used a wireless internet connection ("WiFi connection") at her home. Reyas used the wireless internet connection to transmit and receive personal and private data, including but not limited to personal emails, personal internet research and viewing, work-related emails, work-related

documents, work-related internet research and viewing, credit card information, banking information, personal identification information such as social security numbers, date of birth, medical information, and telephone calls made using a voice over internet (VOIP) protocol.

5. Defendant Google Inc. ("Google") is a multinational public cloud computing and internet search technologies corporation. Google hosts and develops a number of Internet-based services and products. It was first incorporated as a privately held company on September 4, 1998, with its initial public offering to follow on August 19, 2004. Google is a Delaware corporation with its home office in the state of California. The company's stated mission from the outset of its existence has been "to organize the world's information and make it universally accessible and useful."

## DEFENDANT'S CONDUCT

6. One of Google's web-based and web-accessed internet services is Google Street View ("GSV"). GSV is a technology featured in the Google Maps and Google Earth products that provides panoramic views from various positions along many streets in the United States and throughout the world. It was launched on May 25, 2007, originally only in several cities in the United States, and has since gradually expanded to include more cities and rural areas throughout the states of the United States, and worldwide. GSV displays images taken from a fleet of specially adapted vehicles ("GSV vehicles"). Areas not accessible by a full-sized vehicle, such as pedestrian areas, narrow streets, alleys and ski resorts are sometimes covered by Google Trikes (tricycles) or a snowmobile.

7. On each of the GSV vehicles there are typically nine directional cameras for 360° views at a height of about 2.5 meters, GPS units for positioning, three laser range scanners for the measuring of up to 50 meters 180° in the front of the vehicle. There are also 3G/GSM/Wi-Fi antennas for scanning 3G/GSM and Wi-Fi broadcasts (sometimes called "hotspots") and

3

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

1  associated electronic hardware for the capture and storage of wireless signals and data ("WiFi data").

8. In 2006, Google generated programming code that sampled and decoded all categories of publicly broadcast WiFi data. This type or class of program is commonly called a packet analyzer, also known as a network analyzer, protocol analyzer or packet sniffer, or for particular types of networks, an Ethernet sniffer or wireless sniffer ("wireless sniffer"). As data streams flow across the wireless network, the sniffer secretly captures each packet (or discreet package) of information, then decrypts / decodes and analyzes its content according to the appropriate specifications.

9. To view data secretly captured by a wireless sniffer in readable or viewable form, after being captured and stored on digital media, it must then be decoded using crypto-analysis or similar programming or technology. Because the data "as captured" by the wireless sniffer is typically not readable by the public absent sophisticated decoding or processing, it is reasonably considered and understood to be private, protected information by users and operators of home based WiFi systems. Google collected and recorded snippets from emails and web surfing by the public on WiFi networks.

10. When Google created its data collection systems on the GSV vehicles, it included wireless packet sniffers that, in addition to collecting the user's unique or chosen WiFi network name (SSID information), the unique number given to the user's hardware used to broadcast a user's WiFi signal (MAC address), the GSV data collection systems also collected data consisting of all or part of any documents, emails, video, audio, and VOIP information being sent over the network by the user ("payload data"). In addition it collected electronic information from cell phones that included, but was not limited to, the equivalent of the serial number of each phone. Google collected and stored other personal information.

4

11. After Google collected and decoded / decrypted users' payload data, it stored the information on its servers. On information and belief, hundreds if not thousands of Google employees throughout the United States and the world have access to data maintained on Google's servers, including the decoded / decrypted payload data collected by the GSV vehicles.

12. Users had an expectation of privacy with respect to the payload data collected and decrypted/decoded by Google. Because the GSV packet sniffing data collection was done in secret, users could not, and did not give their consent to Google's activities. Google's Rick Schimdt recently said Internet users should not worry about privacy unless they have something to hide.

13. Since the time Google began collecting users' payload data with its GSV vehicles, plaintiff Reyas has consistently maintained an open wireless internet connection at her residence.

14. Reyas' residence is located on and adjacent to a street for which a GSV vehicle has collected data on at least one occasion since May 25, 2007.

15. Reyas transmits and receives a substantial amount of data from and to her computer over her wireless internet connection ("wireless data").

16. Unauthorized access to Reyas' personal and work-related data invades her objectively reasonable expectations of privacy, and invades the right to privacy granted to him by the California Constitution.

17. On information and belief, a GSV vehicle has collected, and defendant has stored, and decoded / decrypted Reyas' wireless data on at least one occasion.

18. On information and belief, the defendant has sold decoded/decrypted users' data obtained by the GSV vehicles to Motorola, Verizon and other companies.

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

19. Google has also used this information in developing and researching other Google products.

## CLASS ALLEGATIONS

20. Plaintiff Reyas brings this action on her own behalf, and on behalf of the following Class: All residents within all the states of the United States, except Oregon and Washington, whose wireless data was captured, stored, and decoded / decrypted by defendant.

21. Excluded from this class are defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which defendant has a controlling interest or which is related to or affiliated with defendant, and the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

22. Plaintiff and members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical.

23. This action involves questions of law and fact common to plaintiff Reyas and all members of the Class which include:

(a) Whether defendant's conduct violated of one or more of the provisions of the Stored Communications Act;

(b) Whether defendant's conduct violated of one or more of the provisions of the Computer Fraud and Abuse Act;

(c) Whether defendant has engaged in an unlawful invasion of plaintiff's and class members' privacy interests;

(d) Whether defendant has engaged in an unlawful public disclosure of plaintiff's and class members' private information

(e) Whether defendant's conduct violated of one or more of the provisions of 18 U.S.C. § 2511 et seq.;

6

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

   (f) Whether defendant's conduct was an Unfair Business Practice under California Business and Professions Code §17200;

   (g) Whether defendant's conduct violated California Civil Code §1798.81.5;

   (h) Whether defendant's conduct constituted conversion of plaintiff and class members' property;

   (i) The appropriate damages under the Stored Communications Act;

   (j) The appropriate damages under the Computer Fraud and Abuse Act;

   (k) The appropriate amount of nominal damages to compensate plaintiff and the class members for defendant's invasion of their privacy interests;

   (l) The appropriate amount of punitive damages under California law necessary punish defendant for its conduct, and prevent further, similar conduct by defendant and others in the future;

   (m) The appropriate amount of statutory damages that should be awarded to plaintiff and the class members under 18 U.S.C. § 2520;

   (n) The appropriate amount of punitive damages necessary to punish defendant for its conduct, and prevent further, similar conduct, pursuant to 18 U.S.C. § 2520;

   (o) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from destroying their wireless data collected by defendant;

   (p) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from obtaining any wireless data from any wireless network within the state of California;

   (q) Whether plaintiff and the class members are entitled to injunctive relief relating to the proper and appropriate time and manner of disposition of the wireless data captured by defendant and belonging to plaintiff and the class members.

7

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

24. Plaintiff Reyas' claims are typical of the claims of the members of the Class.

25. The named plaintiff is willing and prepared to serve the Court and proposed Class in a representative capacity with all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the Class and have no interests adverse to or which directly and irrevocably conflict with the other members of the Class.

26. The self-interests of the name Class representatives are co-extensive with, and not antagonistic to those of the absent Class members. The proposed representative will represent and protect the interests of the absent Class members.

27. The named Plaintiff has engaged the services of the counsel listed below. Counsel are experience in litigation, complex litigation, and will protect the rights of and otherwise effectively represent the named Class representative and absent Class members.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

29. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for defendant. Defendant has acted on grounds that apply generally to the Class, making equitable and monetary relief appropriate to the Class as a whole.

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

### FIRST CLAIM FOR RELIEF
### (Stored Communications Act, 18 U.S.C. § 2701 et seq.)

30. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

31. By engaging in the forgoing acts and omissions, Defendant Google exceeded its authorization to access and control the private information of Plaintiff and all class members, and/or knowingly divulged the electronic communications of Plaintiff and all class members, in violation of Stored Communications Act, 18 U.S.C. s 2701 et seq.

32. Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Stored Communications Act for herself and on behalf of the class.

### SECOND CLAIM FOR RELIEF
### (Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.)

33. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

34. By engaging in the forgoing acts and omissions. Defendant Google intentionally accessed a protected computer without authorization and/or knowingly caused the transmission of information resulting in a loss to one or more persons in violation of the Computer Fraud and Abuse Act, 18 U.S.C. s 1030 et seq.

35. Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Computer Fraud and Abuse Act for herself and on behalf of the class.

### THIRD CLAIM FOR RELIEF
### (Invasion of Privacy)

36. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

37. Defendant's conduct was an intentional intrusion upon Plaintiff' and class members' private affairs or concerns, and would be offensive to a reasonable person.

38. Defendant's conduct constituted the tort of invasion of privacy with respect to Plaintiff and class members.

39. Plaintiff and class members are entitled to an award of nominal damages to compensate for defendant's invasion of their privacy.

40. The Class is entitled to recover punitive damages in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future.

41. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 46 above.

42. By engaging in the forgoing acts and omissions, Defendant Google committed the common law tort of Public Disclosure of Private Facts as recognized by California common law. The GSV program resulted in the public disclosure of private facts which would be offensive and objectionable to a reasonable person, and which facts are not of legitimate public concern.

### FOURTH CLAIM FOR RELIEF
### (18 U.S.C. § 2511 et seq.)

43. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

44. Defendant's conduct was a violation of 18 U.S.C. § 2511.

45. Pursuant to 18 U.S.C. § 2520, the plaintiff and each class member is entitled to damages and relief as follows:

(a) for each plaintiff and each class member, statutory damages of whichever is

10

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

the greater of $100 each day that person's data was obtained by defendant, or $10,000 per violation suffered by that plaintiff or class member;

      (b) punitive damages in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future;

      (c) a reasonable attorney's fee and other litigation costs reasonably incurred.

## FIFTH CLAIM FOR RELIEF
### (Unfair Business Practices Under Business & Professions Code §17200)

46. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

47. An Unfair Competition Law civil action may be predicated on unfair, deceptive, untrue or misleading advertising and/or any act prohibited by Cal. Bus. & Prof. Code §§ 17500-17581.

48. The statutory violations pled herein constitute unfair business practices under California Business and Professions Code § 17200

49. Plaintiff seeks relief for herself and on behalf of the class under California Business and Professions Code § 17200 & 17203.

## SIXTH CLAIM FOR RELIEF
### (Disclosure of Consumer Records under California Civil Code §1798.81.5)

50. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

51. Defendant's conduct was a violation of California Civil Code §1798.81.5.

52. Plaintiff seeks relief as provided for by for herself and on behalf of the class under California Civil Code §1798.81.5

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

53. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

54. Defendant through its actions assumed unauthorized control over the property of the plaintiff and of all the class members.

55. The plaintiff and of all the class members are entitled to immediate possession of their property.

56. Plaintiff seeks relief from this conversion as permitted for herself and the class members.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

57. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

58. The defendant has been unjustly enriched as a result of its wrongful acts as described herein. Contrary to equity and good conscience, and at plaintiff's and class member's expense, defendant has unfairly benefited from the above-described conduct by selling the information it wrongfully obtained from the plaintiff and class members.

59. Plaintiffs and the class members, in justice and fairness, are entitled to recover the sales proceeds which unjustly enriched the defendant.

## NINTH CLAIM FOR RELIEF
### (Trespass)

60. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

61. Defendant's actions constituted a trespass onto the property of the plaintiff and the property of the class members.

62. Plaintiff seeks relief for this trespass as provided by law, for herself and for the class members.

## TENTH CLAIM FOR RELIEF
### (Injunctive Relief)

63. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 29 above.

64. Defendant has, at various times and through various of its representatives, claimed that it intends to destroy, as soon as possible, the payload data its GSV vehicles have collected.

65. Destruction of the payload data collected from plaintiff and class members would result in spoliation of evidence critical to proving (1) membership in the class, (2) the allegations in their legal claims, and (3) the amount of damages.

66. Plaintiff moves this court, on behalf of herself and the class, for a preliminary and permanent injunction barring defendant from destroying or altering any payload data collected.

67. Plaintiff further moves this court, on behalf of herself and the class for an injunction requiring defendant to: (1) reveal to each class member the information that it has collected about that class member; (2) provide a written explanation of how it has used the information it collected about class members; (3) create an easy method for all individuals to opt out of any future data collection; and (4) permanently delete all personal information it wrongfully obtained through the GSV process, including images.

COMPLAINT – CLASS ACTION ALLEGATION (Invasion of Privacy 18 U.S.C. §2511 et seq.)

## JURY TRIAL

68. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

Plaintiff requests a judgment:

A. Certifying this action as a class action as set forth above;

B. Awarding plaintiff and class members the injunctive relief requested in the Tenth Claim for Relief above;

C. Awarding nominal damages for defendant's invasion of plaintiff's and all class members' privacy interests;

D. Awarding punitive damages to Reyas and the class members for defendant's invasion of their privacy interests;

E. Awarding statutory damages under 18 U.S.C. § 2520 to plaintiff and to each class members equal to the greater of $100 for each day any plaintiff or class member's data was obtained by defendant, or $10,000 per violation suffered by each plaintiff or class member;

F. Awarding punitive damages under 18 U.S.C. § 2520 in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future;

G. Awarding a reasonable attorney's fee and other litigation costs reasonably incurred;

H. Awarding all other costs, relief, and damages legally available under the claims and allegations set forth in this complaint.

Dated: May 23, 2010

By: _____
Ilana Doust
Counsel for Plaintiffs